JUSTICE NELSON
concurs.
¶21 I concur in our Opinion. We condemn the clerk of court’s comments (if she made them) and admonish the courts to instruct their clerks not to dispense legal advice. That, of course, is appropriate. However, we fail to provide the substantial legal basis underlying this direction. I write separately to provide that.
¶22 Title 46, Chapter 12, Parts 1 and 2 and § 46-17-203, MCA, *374 prescribe the manner in which persons accused of crimes are to be arraigned. In particular, §46-12-210, MCA, mandates the advice that is to be given to the defendant before a plea of guilty or nolo contendere is accepted. Reading these statutes, two things are crystal clear.
¶23 First, not even the judge-much less the clerk or some other staff person-is empowered to evaluate the strength or weakness of the accused’s case. That is not the role of the court — using “court” in the larger sense to include the judge, the clerk and the staff. Rather, that is the role of defense counsel should one be retained by or appointed for the defendant or, alternatively, it is for the accused should he or she choose to proceed pro se.
¶24 Second, the procedures and the advice prescribed by the referenced statutes are to be performed by the court-meaning the trial judge. Section 46-1-202(8), MCA. The clerk of court and staff have no part in these. These duties are uniquely the responsibility of the duly elected or appointed magistrate to discharge. It is not only improper, but a violation of the statutes themselves for judges to foist any of these duties onto the clerk or staff, and it is equally unlawful for the clerk or staff to take upon themselves the performance of these statutory obligations.
¶25 Finally, the clerk of court’s duties are prescribed by various statutes and rules in the Montana Code. See, for example, §§1-6-101, 3-6-302, 7-1-4150,25-30-103, and 25-31-914, MCA; the U.M.C.R.App.; the M.U.R.J.C.C.; and the M.J.C.C.R.Civ.P. In none of these is the clerk of court empowered to give legal advice to an accused or other litigant or to evaluate that person’s case for legal strength or weakness. Indeed, this sort of unauthorized practice of law is forbidden. See Title 37, Chapter 61, Part 2, MCA.
¶26 With this authority in mind, our reference to the statements allegedly made by the clerk to Duffy as “merely an opinion” grossly understates the problem. If stated, it was an opinion that the clerk should have kept to herself. This sort of practice and procedure violates the law. It is not simply innocuous comment.